1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLAH,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ANCER L. HAGGERTY, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C14-1551JLR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT WITHOUT PREJUDICE |

## I.　INTRODUCTION

This matter comes before the court on the Report and Recommendation of United States Magistrate Judge Mary Alice Theiler (R&R (Dkt. # 9)), and Plaintiff Allah's objections thereto (Obj. (Dkt. # 10)). Having carefully reviewed all of the foregoing, along with all other relevant documents, and the governing law, the court ADOPTS the Report and Recommendation (Dkt. # 9) and DISMISSES Plaintiff's complaint (Dkt. # 8) without prejudice. The court further ORDERS that this dismissal shall constitute a dismissal under 28 U.S.C. § 1915(g).

ORDER- 1

## I. BACKGROUND

Plaintiff filed an application to proceed *in forma pauperis* (*see* Dkt. # 1), which the court granted on November 25, 2014 (*see* Dkt. # 7). Plaintiff's complaint was filed that same day. (Compl. (Dkt. # 8).) Plaintiff's complaint is difficult to understand, but the court concurs with Magistrate Judge Theiler that Plaintiff appears to be challenging various criminal prosecutions and/or convictions which he claims were fraudulent and have resulted in his unlawful imprisonment. He specifically references three convictions in King County Superior Court, including cause numbers 01-1-10807-3SEA, 01-1-09176-6SEA, and 02-1-02047-6SEA (Compl. at 2), which he previously challenged in this court (*see Allah v. Waddington*, No. C05-1480MJP-MAT (W.D. Wash.); *Allah .v Frakes*, No. C12-0484TSZ (W.D. Wash.); *Allah v. Robinson, et al.*, No. C14-1234TSZ (W.D. Wash.)). Plaintiff also references a criminal prosecution initiated against him in Franklin County Superior Court, which is ongoing under cause number 12-1-50324-8, and a federal criminal action initiated against him in the United States District Court for the Eastern District of Washington under cause number C13-112-ALH. (*See* Compl. at 3.) Liberally construed, Plaintiff's complaint alleges in essence that those involved in the above prosecutions are guilty of kidnapping, false imprisonment, slavery, peonage, assault, racketeering, extortion, slander, trafficking in counterfeit trade names, fraud and related activity in identification, and cruel and unusual punishment. (*See generally id.*) He seeks both declaratory and monetary relief. (*See id.*)

Plaintiff identifies his pleading as a criminal complaint, although he clearly has no authority to initiate a criminal proceeding in this court, and he alleges that the court's

jurisdiction over his claims falls under the court's admiralty or maritime jurisdiction, although such an allegation is plainly frivolous. The court agrees with Magistrate Judge Theiler that Plaintiff's complaint, when liberally construed, constitutes a civil rights complaint.

Magistrate Judge Theiler recommended dismissing Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B). (R&R at 3-4.) First, Magistrate Judge Theiler found that Plaintiff's apparent civil right claims, which call into question the lawfulness of his convictions or confinement, are not cognizable because such claims do not accrue "unless or until his conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." (R&R at 3 (citing *Heck v. Humphrey*, 512 U.S. 477, 489 (1994)).) Second, Magistrate Judge Theiler found that, to the extent Plaintiff's complaint also includes claims about the conditions of his confinement, he failed to allege facts demonstrating that any of the named defendants personally participated in causing him harm of constitutional dimension as is required to state a claim under 42 U.S.C. § 1983. (R&R at 3 (citing *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991)).)

In response, Plaintiff states that it "[i]s a lie" that he is state prisoner and that he does not "fit the term 'prisoner', pursuant to 28 U.S.C. § 1915(2)(h)." (Obj. at 3.) He also argues that the criminal cases listed above are against "Edwin Randal Coston." (*Id.*) He asks for a transcript at government expense (*id.* at 4), but there has been no hearing (other than on the record) in these proceedings. (*See generally* Dkt.) Finally, he states that the "[t]he whiteman and whitewoman's word and history are SUSPECT!" (Obj. at

4.) He also demands "public records in the above cases be provided to show where Allah who is God was judged." (*Id.*) Although it is difficult to understand the gravamen of Plaintiff's objections, it appears that he is arguing that because he now goes by the name "Allah," his previous convictions under the name "Edwin Randall Coston" are invalid. (*See generally id.*) Plaintiff essentially makes the same argument in his complaint. (*See, e.g.*, Compl. at 4.)

## II.     STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.* When no objections are filed, the court need not review de novo the report and recommendation. *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). Because Plaintiff is proceeding *pro se*, this court must interpret his complaint and objections liberally. *See Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

//

//

ORDER- 4

## III. DISCUSSION

Plaintiff's objections do not directly respond to Magistrate Judge Theiler's Report and Recommendation. (*See generally* Obj.) Instead, Plaintiff argues anew that his convictions under the name Edwin Randall Coston are invalid because he now goes by the name Allah. (*See generally* Obj.) This issue was resolved by this court long ago and in another proceeding. In 2009, in *Allah v. Brunson*, No. C05-1480MJP (W.D. Wash.), the court held as follows:

> Petitioner presented evidence to the state courts that he legally changed his name from Edwin R. Coston to Divine Answer Born Supreme Allah in 1995, and that he legally changed his name again in 1999 from Divine Answer Born Supreme Allah to Allah. . . . As petitioner's own evidence makes clear that Edwin R. Coston and Allah are the same individual, petitioner's contention that his convictions were unlawful because some of the trial court's documents bore only his former name is meritless.

*Id.*, Dkt. # 61 at 8-9; *see also id.*, Dkt. # 65 at 2. Plaintiff presents no valid basis or reason for the court to revisit that ruling here.

In any event, none of Plaintiffs' objections specifically address Magistrate Judge Theiler's analysis or her reasons for recommending dismissal of Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B). Plaintiff essentially restates some of the same allegations in his objection to the report and recommendation that Magistrate Judge Theiler found failed to state a cognizable claim in his complaint. The court has thoroughly examined the record before it and finds Magistrate Judge Theiler's reasoning persuasive in light of that record. Accordingly, the court independently rejects Plaintiff's arguments for the same reasons as Magistrate Judge Theiler in her Report and Recommendation.

ORDER- 5

## IV. CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

(1) The court ADOPTS the Report and Recommendation (Dkt. # 9) in its entirety;

(2) The court DISMISSES Plaintiff's complaint (Dkt. # 8) without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a cognizable ground for relief. This dismissal shall count as a "strike" pursuant to 28 U.S.C. § 1915(g); and

(3) The court DIRECTS the Clerk to send copies of this order to Plaintiff and to Magistrate Judge Theiler.

Dated this 6th day of February, 2015.

JAMES L. ROBART
United States District Judge