1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| ALLAH, | CASE NO. C14-1551JLR |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| ANCER L. HAGGERTY, | |
| Defendant. | |

## I. INTRODUCTION

Before the court are two post-judgment motions filed by Plaintiff Allah, who is proceeding *pro se* and *in forma pauperis*. (*See* 3/2/15 Mot. (Dkt. # 17); 5/15/15 Mot. (Dkt. # 18).) The court has considered the motions, the balance of the record, and the applicable law. Being fully advised, the court DENIES both motions.

## II. BACKGROUND & ANALYSIS

The court previously liberally construed Plaintiff's complaint as a civil rights complaint and dismissed it pursuant to 28 U.S.C. § 1915(e)(2)(B). (*See* R&R (Dkt. # 9)

ORDER- 1

at 2, 4; Ord. Adopting R&R (Dkt. # 13) at 3, 6.)  In accord with its order, the court entered judgment dismissing Plaintiff's complaint without prejudice on February 11, 2015.  (Judg. (Dkt. # 15).)

Plaintiff brings his post-judgment motions pursuant to Federal Rule of Civil Procedure 60(b).  (*See* 3/2/15 Mot. at 1; 5/15/15 Mot. at 1.)  Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances."  *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  Rule 60(b) allows a court to relieve a party from a final judgment for six reasons:  (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation, or other misconduct by the opposing party, (4) the judgment is void, (5) the judgment has been satisfied, released, or discharged, and (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b).  The party seeking relief under Rule 60(b)(6) must show "'extraordinary circumstances' justifying the reopening of a final judgment."  *Gonzalez*, 545 U.S. at 535  (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).

In his first motion, Plaintiff argues that the court has no jurisdiction to enter judgment because Article III, Section 2 of the United States Constitution states that the Supreme Court has jurisdiction in all cases in which the state is a party.  (*See* 3/2/15 Mot. at 1.)  Article III, Section 2 of the United States Constitution sets parameters for federal court jurisdiction; it does not vest jurisdiction of Plaintiff's claim initially in the Supreme Court.  *See* U.S. Const. art. III, § 2.  Indeed, although Article III, Section 2 discusses the extent of "judicial Power," it does not expressly reference the Supreme Court at all.

ORDER- 2

Article III, Section 1 expressly gives Congress the authority to establish federal courts that are inferior to the Supreme Court. *Id.* § 1.  Congress exercised this power by creating both the federal district courts and the circuit courts of appeal.  28 U.S.C. §§ 43, 132.  The district court had jurisdiction over Plaintiff's complaint because Plaintiff attempted to raise a federal claim under 42 U.S.C. § 1983.  *See* 28 U.S.C. § 1331 (granting general federal-question jurisdiction to district courts).  Accordingly, the court denies Plaintiff's first Rule 60(b) motion.

Plaintiff's second motion is considerably longer and more difficult to understand. (*See generally* 5/15/15 Mot.)  Nevertheless, Plaintiff again appears to be arguing that the court lacks subject matter jurisdiction, which he asserts is vested solely in the Supreme Court.  (*See id.* at 3, 7, 11.)  The court addressed this issue above, and denies this aspect of Plaintiff's second motion on the same basis.

In addition, just as he asserted in his complaint, Plaintiff again argues that his previous criminal convictions under the name "Edwin Randall Coston" are invalid because he now goes by the name "Allah."  (*See id.* at 2-4.)  The court already addressed and rejected this issue in its order adopting the Magistrate Judge's report and recommendation.  (Ord. Adopting R&R at 5.)  Indeed, as long ago as 2009, in *Allah v. Brunson*, No. C05-1480MJP (W.D. Wash.), the court held as follows:

> Petitioner presented evidence to the state courts that he legally changed his name from Edwin R. Coston to Divine Answer Born Supreme Allah in 1995, and that he legally changed his name again in 1999 from Divine Answer Born Supreme Allah to Allah. . . . As petitioner's own evidence makes clear that Edwin R. Coston and Allah are the same individual, petitioner's contention that his convictions were unlawful because some of the trial court's documents bore only his former name is meritless.

*Id.*, Dkt. # 61 at 8-9; *see also id.*, Dkt. # 65 at 2.  The court finds no basis in Plaintiff's second Rule 60(b) motion for granting relief from judgment, and therefore the court denies his motion.

### III.   CONCLUSION

Plaintiff offers no valid basis in either of his pending motions for reconsideration of the court's prior order dismissing this action or for relief from the judgment under Rule 60(b).  Accordingly, the court DENIES Plaintiff's motions (Dkt. ## 17, 18).

Dated this 20th day of May, 2015.

JAMES L. ROBART
United States District Judge

ORDER- 4